MUELLER v. WILLIAM F. WALL ROPE CO.

(Supreme Court, Special Term, New York County. July, 1897.)

FOREIGN CORPORATIONS—RIGHT TO SUE—ASSIGNMENT OF CLAIM.

Under Laws 1892, c. 687, § 15, which provides that no foreign corporation, other than a moneyed corporation, doing bus'ness in New York, sha'l maintain an action on any contract made therein until it shall have procured from the secretary of state a certificate showing that it has complied with the laws governing such corporations, the assignee of a contract of a foreign manufacturing corporation which has failed to procure such certificate has no standing in the courts.

Action by one Mueller, assignee of the Standard Rope & Twine Company of New Jersey, against the William F. Wall Rope Company.

Strong & Cadwalader, for plaintiff.
Dill, Seymour & Kellogg, for defendant.

LAWRENCE, J.   The contract on which the claim arose was made in the state of New York, and there is no allegation that the Standard Rope & Twine Company (a New Jersey corporation), the plaintiff's assignor, had complied with section 15 of chapter 687 of the Laws of 1892, which provides as follows:

"Sec. 15. No foreign stock corporation, other than a moneyed corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state, and that the business of the corporation to be carried on in this state is such as may be lawfully carried on by a corporation incorporated under the laws of this state for such or similar business, or if more than one kind of business, by two or more corporations so incorporated for such kinds of business respectively. The secretary of state shall deliver such certificate to every such corporation so complying with the requirements of law. No such corporation now doing business in this state shall do business herein after December 31st, 1892, without having procured such certificate from the secretary of state, but any lawful contract previously made by the corporation may be performed and enforced within the state subsequent to such date. No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

Not having filed the certificate required by the statute, the plaintiff's assignor could not have maintained this action; and, as the fountain cannot rise higher than its source, it would appear that the statute cannot be avoided or evaded by making an assignment of the claim. I think the motion should be granted, with costs.