(57 App. Div. 206.)

KINNEY v. REID ICE-CREAM CO.

(Supreme Court, Appellate Division, Second Department. January 31, 1901.)

1. FOREIGN CORPORATIONS—LICENSE TAX—MAINTAINING SUIT.

That a foreign corporation, more than 13 months after beginning to do business in the state, and at the time of commencing an action, had ceased to do business, does not exempt it from paying the license tax required by Laws 1896, c. 908, § 181, from all foreign corporations doing business or maintaining suits in the state, within 13 months after commencing business.

2. SAME—ASSIGNEE OF CAUSE OF ACTION.

Having no right to maintain suit without paying such tax, its assignee had no better right.

3. SAME—AFFIRMATIVE DEFENSES.

An affirmative defense that the assignor of plaintiff's cause of action is a corporation having no legal organization at the time of the assignment, and that the assignment is not the act of the corporation, is not demurrable; such facts not being provable under a general denial, and plaintiff being required to show that he had a valid assignment of the claim sued on.

4. SAME.

A cause of action cannot arise in favor of a corporation already dissolved.

5. ATTACHMENT—BOND—INTERVENTION—ASSIGNMENT.

An attachment against a corporation having been dissolved, the corporation assigned its cause of action on the bond, and the assignee sued the sureties. The primary obligor, though not a party to the bond, intervened, and set up its debt as a counterclaim. Held, that the assignee took his assignment subject to all the conditions existing at the time of the assignment, and took subject to the counterclaim.

6. SAME—INTERVENTION.

The principal obligor, being eventually liable, had such an interest in the subject of the action as to entitle it to intervene, under Code Civ. Proc. § 452, authorizing the court to bring in a person not a party who has an interest in the subject of the litigation.

7. SAME—PRESUMPTIONS.

The practice requiring it to be affirmatively shown that the rights of an intervener are involved in the case, and the order of intervention not being appealed from, it must be conclusivly presumed on appeal that the intervener had rights entitling him to such intervention.

8. SAME—COUNTERCLAIM.

Under Code Civ. Proc. § 500, authorizing an intervener to plead any new matter constituting a counterclaim which tends to diminish or defeat plaintiff's recovery, consisting of a cause of action against plaintiff, or against the person whom he represents, and in favor of defendant, "or one or more defendants," between whom and plaintiff a separate judgment may be had in the action, a counterclaim setting up the debt against the damages, by the principal in an attachment bond, who intervened, in an action against the sureties for wrongful attachment, tends to diminish or defeat plaintiff's recovery against the principal, and hence may be interposed, though, not having signed the bond, the creditor was not primarily liable; the counterclaim not being available to the other defendants.

Appeal from trial term, Kings county.

Action by Joseph R. Kinney against the Reid Ice-Cream Company, impleaded with William J. Weller and William M. Reger. From an interlocutory judgment overruling a demurrer to the amended answer of defendant the Reid Ice-Cream Company, it appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

William Phlippeau, for appellant.
Henry L. Maxson, for respondent.

WOODWARD, J. The plaintiff in this action is the assignee of Bernard's Pharmacy, a foreign corporation, upon an undertaking furnished by the respondent, the Reid Ice-Cream Company, for the purpose of securing an attachment in an action brought by it against Bernard's Pharmacy. On motion this attachment was vacated and set aside, and the claim for damages alleged to have been sustained by Bernard's Pharmacy by reason of this attachment was assigned to the plaintiff, who commenced this action against the sureties mentioned in the said undertaking,—William J. Weller and William M. Reger. The respondent was not a party to the said undertaking, and the plaintiff brought his action only against the sureties; but on the 27th day of December, 1899, the Reid Ice-Cream Company, alleging that it had an interest in the subject-matter of this action, made application to be made a party defendant, which application was granted by the court at special term, and it was permitted to serve an answer to the complaint, which it thereafter, and on February 13, 1900, amended. There was no appeal from the order permitting the respondent to intervene, and it must be assumed, therefore, that the Reid Ice-Cream Company has an interest in the subject-matter, and that any defense which may be legally made is open to the respondent, to defeat the claim of the plaintiff against the sureties of the respondent. The amended answer sets up five defenses, to four of which the plaintiff demurs, and from the interlocutory judgment overruling the demurrer an appeal comes to this court.

The demurrer to the second defense is based upon the ground that the same is insufficient in law upon the face thereof. This second defense sets forth that Bernard's Pharmacy, a foreign corporation, has not paid to the state treasurer the license tax required by section 181 of chapter 908 of the Laws of 1896, and that by reason of this omission this action cannot be maintained. The provisions of the section are as follows:

"Every foreign corporation, joint-stock company or association, except banking, fire, marine, casualty and life insurance companies, and corporations wholly engaged in carrying on manufactures in this state, co-operative fraternal insurance companies and building and loan associations, authorized to do business under the general corporation law, shall pay to the state treasurer, for the use of the state, a license fee of one-eighth of one per centum for the privilege of exercising its corporate franchises or carrying on its business in such corporate or organized capacity in this state, to be computed upon the basis of the capital stock employed by it within this state during the first year of carrying on its business in this state. No action

shall be maintained or recovery had in any of the courts in this state by such foreign corporation without obtaining a receipt for the license fee hereby imposed within thirteen months after beginning such business within the state."

The answer alleges that Bernard's Pharmacy, before doing business in the state of New York, and on or about the 26th day of May, 1897, duly complied with the provisions of section 15 of the general corporation law, and procured from the secretary of state of New York the certificate mentioned and described in said section; that the principal place of business and office of said Bernard's Pharmacy was fixed by its charter at the then city (now borough) of Brooklyn, and that it owned and carried on a drug business at said place from about the time of its incorporation, in May, 1897, until the latter part of December, 1898, when it sold or transferred all of its assets and property to one William Agne, and ceased doing business entirely, being then insolvent; that thereafter the cause of action arose and accrued in favor of said Bernard's Pharmacy against these defendants, and each of them; that thereafter, and on or about the 12th day of July, 1899, said Bernard's Pharmacy assigned and transferred the said cause of action to this plaintiff, as set forth in the complaint, who thereafter, and in the month of October, 1899, commenced this action upon said cause of action; that said Bernard's Pharmacy, although authorized to do business under the general corporation law, has not paid to the state treasurer the license tax specified in and required by section 181 of chapter 908 of the Laws of 1896; and that at the time of the commencement of this action more than 13 months had elapsed since the said corporation, plaintiff's assignor, had begun business in this state. The plaintiff urges that, as it appears from the answer that the plaintiff's assignor was not doing business in this state at the time of the commencement of this action, section 181 does not apply, and that the defense is therefore insufficient in law. We are of opinion that Bernard's Pharmacy, having done business in this state for a period of more than one year, had become obligated to the state of New York for the amount of the license tax provided by section 181 of chapter 908 of the Laws of 1896, and that, in the absence of the receipt for the license fee, it would have no standing in court to bring this action, and its assignee cannot be in a better position than Bernard's Pharmacy. Lumber Co. v. Bussell, 84 Hun, 114, 31 N. Y. Supp. 1107; Mueller v. Rope Co (Sup.) 53 N. Y. Supp. 255; Herzberg v. Boiesen (City Ct. N. Y.) 53 N. Y. Supp. 256. We see no reason why the rule applied in the cases cited in reference to section 15 of the general corporation law should not apply as to section 181 of chapter 908 of the Laws of 1896, and the defense is not, therefore, insufficient in law, and the demurrer was properly overruled.

As to the third defense, the respondent alleges, in effect, that Bernard's Pharmacy had no legal organization at the time of the assignment of the alleged claim to the plaintiff, and that the assignment is not the act of the corporation. Clearly, the plaintiff must show that he holds a good assignment of the claim, and the affirmative defense that the corporation had ceased to exist could not be presented under

the general denial of the respondent. The demurrer was properly overruled as to this defense.

The fourth defense, that Bernard's Pharmacy had ceased to exist as a corporation at the time the alleged cause of action is said to have accrued, is a good defense, if it is established that there was no such corporation; for a cause of action cannot be said to have been created in favor of a corporation which had passed out of existence before the cause of action came into being.

The demurrer to the fifth defense raises the most serious question. We are called upon to determine whether an intervener has a right to come in for the purpose of defending a money obligation on which he is not primarily liable by setting up an independent counterclaim not available to the other defendants. The defense pleaded is that the Reid Ice-Cream Company, a domestic corporation, sold to Bernard's Pharmacy between April, 1898, and September, 1898, goods valued at about $547, and that there is an unpaid balance of $340, together with a certain other claim by assignment to the defendant, all of which claims of the defendant against plaintiff's assignor were in existence at the time the cause of action here involved arose. The defendant asks no affirmative judgment. The matters stated are pleaded merely as an offset to the claim of the plaintiff for damages under the provisions of an undertaking in an attachment proceeding. The plaintiff, it is evident, took his assignment of the claim for damages subject to all of the conditions existing at the time of the assignment; and it is hardly to be contended that Bernard's Pharmacy would be permitted to recover damages against the Reid Ice-Cream Company, if these were the parties to the action, if the latter was able to show the existence of the indebtedness alleged in the set-off. Dolbeer v. Stout (Super. N. Y.) 17 N. Y. Supp. 186. The assignee occupies in this action exactly the same position that Bernard's Pharmacy would occupy were it the plaintiff; and while it is, no doubt, the general rule that the parties to be sued on an attachment bond are the obligors (3 Enc. Pl. & Prac. 644), it has been held that in an action for wrongful attachment the principals in the attachment bond are proper parties, although the bond was signed by the sureties only (Hoskins v. White, 13 Mont. 70, 32 Pac. 163, cited at page above mentioned). At common law the surety may sue the principal for money paid on his guaranty, there being an implied promise on the principal's part to repay the surety anything he has been compelled to pay thereunder. Walp. Rub. 100; Fell, Guar. 264, and authorities cited. We are of opinion that the Reid Ice-Cream Company, being eventually liable, had such an interest in the subject of the action as to entitle it to intervene, under the provisions of section 452 of the Code of Civil Procedure. Metropolitan Trust Co. of City of New York v. Tonawanda Val. & C. R. Co., 43 Hun, 521, 526. Indeed, this point must be deemed to have been conclusively settled, for it was necessarily involved in the motion for intervention; the practice requiring that it be shown affirmatively by averment that the rights of the applicant are involved in the case which is being litigated, and that he is entitled to the relief which he seeks (11 Enc. Pl. & Prac. 506),

and there has been no appeal from the order permitting the Reid Ice-Cream Company to intervene. Further, the Code of Civil Procedure (section 452) provides that, when a party makes such "application to the court to be made a party, it must direct him to be brought in by the proper amendment," so that the pleadings may be assumed to have been properly amended. The Reid Ice-Cream Company, having become a defendant, is liable to any judgment which the trial may warrant. It has voluntarily put itself into the position of the other defendants, and it may, under the provisions of section 500 of the Code of Civil Procedure, plead any "new matter constituting a defense or counterclaim," which counterclaim "must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action." The counterclaim or set-off now under consideration does tend to diminish or defeat the plaintiff's recovery against the Reid Ice-Cream Company, between whom and the plaintiff a separate judgment may be entered; and while this, in effect, would be to leave the Reid Ice-Cream Company in the same position as though it had not intervened, in so far as this counterclaim is concerned, it enables the equitable defendant to take charge of the case and to make use of all its resources in the defense of an action which, assuming the facts as admitted by the demurrer, has no claims upon the indulgence of this court. Under the circumstances of this case, we are of opinion that the demurrer to this fifth defense was properly overruled.

The interlocutory judgment appealed from should be affirmed, with costs. All concur, except SEWELL, J., taking no part.