THE BANK OF UNITED STATES, Appellant, *v.* PINCUS GLICKMAN, Respondent.

First Department, April 20, 1934.

*Arthur Ofner* of counsel [*Warren C. Fielding* and *Richard F. Weeks* with him on the brief; *Carl J. Austrian*, attorney], for the appellant.

*Jacob L. Holtzmann* of counsel [*Lloyd Buchman* with him on the brief; *Jacob L. Holtzmann*, attorney], for the respondent.

MERRELL, J. Two causes of action are set forth in the complaint of the plaintiff, The Bank of United States, against the defendant Pincus Glickman. The first cause of action was upon a promissory note for $1,050, upon which judgment has been granted in favor of the plaintiff. The second cause of action involved upon this appeal was upon a written guaranty agreement executed by the defendant on October 17, 1924, to the Municipal Bank and Trust Company. In said written guaranty the defendant agreed to pay

any and all indebtedness, not exceeding $5,000, then owing by the Brooklyn Jewish Center of Brooklyn, " or which said Brooklyn Jewish Center may at any time hereafter * * * owe the aforesaid Bank, whether said indebtedness arises by notes, discounts, overdrafts or otherwise." After the execution of said guaranty agreement by the defendant, and on or about May 11, 1929, the Municipal Bank and Trust Company, by merger, was absorbed into the plaintiff, The Bank of United States, under and pursuant to the provisions of section 494 of the Banking Law. Thereafter, and on or about October 20, 1930, the Brooklyn Jewish Center executed its promissory note in the sum of $51,000, which note was, for value, indorsed to the plaintiff. A substantial part of said last-mentioned note was due and unpaid at the time of the commencement of the present action, which was brought to recover the balance due upon said indebtedness to the extent of the amount of the guaranty. The question presented upon this appeal is whether the plaintiff, The Bank of United States, can recover upon the guaranty the moneys due upon a note discounted by it subsequent to such merger of the Municipal Bank and Trust Company into the plaintiff.

The merger in question was pursuant to the provisions of section 494 of the Banking Law which provides as follows:

" Effect of merger. Upon the merger of any corporation into another as provided in this article:

" 1. Its corporate existence shall be merged into that of such other corporation; *and all and singular its rights, privileges and franchises, and its right, title and interest in and to all property of whatsoever kind,* whether real, personal or mixed, and things in action, *and every right, privilege, interest or asset of conceivable value or benefit then existing which would inure to it under an unmerged existence, shall be deemed fully and finally,* and without any right of reversion, *transferred to and vested in the corporation into which it shall have been merged,* without further act or deed, and such last-mentioned corporation shall have and hold the same in its own right as fully as the same was possessed and held by the merged corporation from which it was, by operation of the provisions of this article, transferred." (Italics are the writer's.)

Subdivision 2 of section 494 provides as follows:

" 2. Its rights, obligations and *relations* to any person * * * shall remain unimpaired, and the corporation into which it shall have been merged shall by such merger succeed to all such relations * * * in the same manner as though it had itself assumed the relation." (Italics are the writer's.)

The provisions of section 494 of the Banking Law are most

sweeping and disclose a legislative intent that the possessor corporation shall succeed to each and every of the rights, privileges, interests or assets then existing which would inure to it under an unmerged existence, the possessor corporation succeeding to all the rights of the merged corporation with reference to such assets, rights and relations of the merged corporation. Under the provisions of the statute the guaranty agreement executed by the defendant was an " asset," a " right," a " privilege," and a " relation." Under the relationship created between the merged bank and the defendant, the merged bank had the right or privilege to advance moneys or credit upon the face of the guaranty, and such right, under the express provisions of the statute, passed to the plaintiff. The right thus passing to the plaintiff under the merger was of substantial importance to the possessor corporation, the plaintiff herein. The contention of the respondent seems to be that the merger of the Municipal Bank and Trust Company into the plaintiff automatically revoked the defendant's written guaranty. Under the plain and unambiguous language of section 494 of the Banking Law, we do not think such was the legislative intent. The provisions of subdivision 1 of section 494 clearly provide that all rights, privileges and franchises enjoyed by the merged corporation and its right, title and interest in and to all property of whatsoever kind, whether real, personal or mixed, and things in action, and every right, privilege, interest or asset of conceivable value or benefit then existing or which would inure to it under an unmerged existence, shall be deemed fully and finally to be transferred to and vested in the corporation into which it shall have been merged, without further act or deed, and that the last-mentioned corporation shall have and hold the same in its own right as fully as the same was possessed and held by the merged corporation from which it was, by operation of the provisions of said section, transferred. Subdivision 2 of section 494 emphasizes the provisions of subdivision 1 by providing that " Its rights, obligations and relations to any person * * * shall remain unimpaired, and the corporation into which it shall have been merged shall by such merger succeed to all such relations * * * in the same manner as though it had itself assumed the relation." The case of *McElwain Co.* v. *Primavera* (180 App. Div. 288), which passed through this court, is, we believe, decisive of the question here presented. The *McElwain Co.* case involved the provisions of section 15 (now section 85) of the Stock Corporation Law which was far less sweeping in its language than the provisions of section 494 of the Banking Law. In that case the defendant, Primavera, executed to Morse & Rogers, a corporation, a continuing guaranty

for the payment by one Henry for goods and merchandise purchased by him. Subsequently to the execution of such continuing guaranty agreement of Primavera the corporation of Morse & Rogers merged with the plaintiff corporation, W. H. McElwain Company, which merged corporation thereafter sold goods to Henry for which he failed to pay. The question was whether the guaranty agreement survived the merger of Morse & Rogers into the McElwain Company and might be enforced by law. The Municipal Court of the City of New York, Borough of Manhattan, First District, held that such guaranty agreement did not survive the merger. The Municipal Court was affirmed by the Appellate Term of the Supreme Court. On appeal to this court, however, the order of the Appellate Term and judgment of the Municipal Court were reversed. Separate opinions on reversal were written by Presiding Justice CLARKE, of this court, and also by Associate Justice SMITH, of this court. Presiding Justice CLARKE, in his opinion, stated (at p. 289) as follows: "It seems to me that under this statute nothing is lost by a merger; that the company formed by the merger stands in the place of those merged, and any right which belonged to them can be asserted by it." After reviewing the authorities, Justice CLARKE continued (at p. 294): "The defendant gave his guaranty to a corporation charged with the knowledge that the law permitted the merger of that corporation with another, and the vesting in the merged corporation of all the 'estate, property, rights, privileges and franchises' belonging to its component parts. There was no assignment of the guaranty, none was made, none was required by law. By the merger it belongs to the merged corporation and is effectual." Justices SMITH and SHEARN concurred in the opinion of Presiding Justice CLARKE. Justice SMITH, in a concurring opinion in the same case, said (at p. 296): "There was no personal equation in so far as the original corporation was concerned, since its entire directorate and management might be changed without affecting the guaranty. Its entire capital stock might have changed hands and the policies of the company have been materially altered, so that a reliance on the discretion and prudence of the person extending the credit could not, as suggested in the dissenting opinion, have been a material consideration in making the contract of guaranty. The principle seems no different from that involved in the case of a fidelity bond for the performance of services, in which class of cases it is held that the bond inures to the benefit of the corporation in which a merger has been effected. (*Lee* v. *Atlantic Coast Line R. Co.*, 150 Fed. Rep. 775, 787; *Miller* v. *Lancaster*, 45 Tenn. 514; *Pennsylvania & N. R. R. Co.* v. *Harkins*, 149 Penn. St. 121.) There would seem to be just as much reason

for claiming a reliance on the discretion and prudence of the particular employer as of the person extending the credit." As before stated, the language of section 85 of the Stock Corporation Law is far less sweeping than that of section 494 of the Banking Law. We are, therefore, of the opinion that the obligation of the defendant under his guaranty agreement survived the merger, and that the possessor corporation is entitled to recover under said guaranty to the extent thereof.

The judgment, in so far as appealed from, in favor of defendant, dismissing on the merits the second cause of action alleged in the complaint, and the order granting defendant's motion for judgment on the pleadings on said cause of action, should, therefore, be reversed, with costs, and defendant's motion denied, with ten dollars costs to the plaintiff, appellant, against the defendant, respondent.

FINCH, P. J., TOWNLEY and UNTERMYER, JJ., concur; GLENNON, J., dissents and votes for affirmance.

Judgment so far as appealed from and the order appealed from reversed, with costs to the appellant, and the motion denied, with ten dollars costs.