**CHASE NAT. BANK OF CITY OF NEW YORK v. BURG et al.**

No. 77.

District Court, D. Minnesota, Third Division.

March 30, 1940.

Warren S. Ege (of Kellogg, Morgan, Chase, Carter & Headley), all of St. Paul Minn., for plaintiff.

Fred D. Burg, of St. Paul, Minn., for defendants G. N. and George P. Burg.

L. J. Burg was not served with a summons and complaint, and makes no appearance herein.

SULLIVAN, District Judge.

It appears that the claims sued on are founded upon three promissory notes, each of which is dated March 13, 1933, made and signed by The Burg Company, payable to the plaintiff, and due on June 13, 1933. In each of said notes there appears before the signature of the maker thereof, the following: "It is further agreed that if the undersigned shall become insolvent or make a general assignment for the benefit of creditors, or file a voluntary petition in bankruptcy, or if a petition in bankruptcy shall be filed against the undersigned, or a receiver shall be appointed of the property or assets, or any thereof, of the undersigned, then this note and all other present or future demands of any and all kind against the undersigned whether created directly or acquired by assignment, whether absolute or contingent shall forthwith be due."

The notes were not paid by the maker upon their due date, and the only payments upon said notes are hereinafter referred to.

This suit is to recover upon a guaranty made by the above-named defendants to the plaintiff.

The Burg Company, prior to making the foregoing loans from the plaintiff, had done business with, and borrowed money from, The Equitable Trust Company of New York, and on April 11, 1929, the defendants executed and delivered to The Equitable Trust Company of New York, an agreement of guaranty, whereby said guarantors jointly and severally agreed to pay "any and all obligations, indebtednesses and liabilities to the Trust Company of the Borrower [The Burg Company], due or to become due, now or hereafter existing, direct or indirect, absolute or contingent". The guaranty agreement further provides that the guaranty shall be continuing, and the obligations thereon binding upon them unless and until written notice of revocation signed by the guarantors shall have been received by said Trust Company. It further provides and gives, in effect, the said Trust Company an option of treating any obligations of The Burg Company as immediately due and payable upon the appointment of a receiver of The Burg Company, or upon its adjudication a bankrupt, or upon the happening of other contingencies not here material.

The Equitable Trust Company of New York was, on May 31, 1930, consolidated with the plaintiff herein under an Act of Congress, Chapter 209, 40 Statutes at Large, 1043, as amended by Chapter 191, 44 Statutes at Large, 1224, Title 12, U.S.C.A. § 34a, and under Section 226 of the Banking Law of New York State, Consol.Laws c. 2, as added by Laws 1930, c. 407, § 2.

There was an appointment of a receiver for The Burg Company on April 26, 1933. It was adjudicated a bankrupt on January 12, 1934. The plaintiff filed a claim on the notes involved herein in the bankruptcy proceeding of said company shortly after January 16, 1934. This suit was commenced on June 10, 1939.

The answering defendants deny that they are indebted to the plaintiff in the amount claimed in the complaint, or in any amount, and set up the following affirmative defenses in their answers: (1) they deny that the plaintiff relied upon the guaranty in making said loans to The Burg Company; (2) that the guaranty did not pass to the plaintiff for its use and benefit upon the consolidation of The Equitable Trust Company of New York with it; (3) that the guaranty was waived by the defendant in making said loans; (4) that the statute of limitations had run against any claim in favor of the plaintiff and against the maker of said notes prior to the commencement of this action.

The defendants' assertion that the plaintiff did not rely upon the guaranty in making the loans seems without question to be frivolous. The loans originated on August 10, 1931, and various renewals and extensions thereof were made down to the date when the notes involved herein were executed. The guaranty at all times, from and after the date upon which The Equitable Trust Company of New York was consolidated with the plaintiff herein, was in the possession of the plaintiff. It was available to the plaintiff, and the only possible inference which the court can draw from the transactions is that the

plaintiff must have relied upon the guaranty in making these loans. The guaranty was not only to cover the original loan made by The Equitable Trust Company of New York to The Burg Company, but was a continuing guaranty to cover subsequent loans made to said company. The guaranty is clear on this.

On May 31, 1930, the date of the consolidation of The Equitable Trust Company and the plaintiff, there was no outstanding indebtedness of The Burg Company to The Equitable Trust Company, the earlier loans made by the last-mentioned company having been paid in full. The question then arises, does the plaintiff herein stand in as good a position with respect to the guaranty in making the loan of August 10, 1931, and the extensions and renewals thereof, as The Equitable Trust Company would have if it had made such loan, extensions and renewals?

The Equitable Trust Company of New York and the plaintiff were consolidated under Section 226 of the Banking Law of the State of New York, and under the Acts of Congress hereinbefore referred to, and these Acts provide that when a consolidation becomes effective, every right, privilege, interest and asset of any conceivable value or benefit then existing, belonging or pertaining to the state trust company (The Equitable Trust Company of New York, in this case) or which might inure to such trust company, shall immediately, under the law, and without any conveyance or transfer, and without any further act or deed, be vested in and become the property of the national bank with which it is consolidated. It is also provided that the national bank shall be deemed to be a continuation of the entity of the state trust company.

The federal statute referred to provides that upon a consolidation, the corporate existence of each of the constituent institutions shall be merged into and continued in the consolidated institution.

█ Under the foregoing statutes, and in accordance with the holdings of the New York courts in cases involving the same question, the unrevoked guaranty held by The Equitable Trust Company of New York at the time of its consolidation with the plaintiff passed without impairment to the consolidated institution, and inured to its benefit in connection with loans subsequently made by it as effec-tively as though the loans had been made by The Equitable Trust Company prior to the consolidation. See McElwain Company v. Primavera, 180 App.Div. 288, 167 N.Y.S. 815; Bank of the United States v. Glickman, 241 App.Div. 92, 271 N.Y.S. 90, affirmed, 265 N.Y. 539, in 193 N.E. 309, no opinion; The Nostro Corporation v. Weingarten, Index No. 37472, decided December 24, 1930, by the Supreme Court of New York, not officially reported. (Affirmed by Appellate Division of Supreme Court in 233 App.Div. 667, 249 N.Y.S. 872, no opinion).

The next question is, did the cause of action upon the notes as against the maker thereof, accrue on April 26, 1933, the date of the appointment of a receiver of The Burg Company, or did the cause of action accrue on June 13, 1933, the due date set out in said notes?

The applicable statute of limitations for the bringing of this action is six years from and after the date of the accrual of the cause of action on the notes against the debtor. If the cause of action on the notes accrued on April 26, 1933, the statute of limitations has run against this claim against the guarantors, and if the cause of action on the notes accrued on June 13, 1933, the statute of limitations had not run at the time of the commencement of this action, since the same was commenced on June 10, 1939.

A determination of the date upon which said notes became due and the cause of action thereon accrued as against the maker thereof is dependent upon the force and effect of the acceleration clause set out in said notes.

█ It is the rule in this circuit that the acceleration clause, "shall forthwith be due", is for the benefit and protection of the creditor, and that, in effect, it gives to the creditor the option or privilege of proceeding against the debtor upon the happening of the contingencies comprehended in the acceleration clause, and prior to the due date set out in the notes, if he so desires. But if the creditor fails to take any action upon the happening of any of such contingencies prior to the due date of the note, the statute of limitations on the debt does not commence to run until the due date of the note. Keene Five Cent Savings Bank v. Reid, 8 Cir., 123 F. 221; Crissey v. Morrill, 8 Cir., 125 F. 878, 884; Gillette v. Hodge, 8 Cir., 170 F. 313.

No decisions of the Minnesota courts dealing with the precise question have been called to my attention by the parties, and I have found none; therefore, the rule laid down by the Circuit Court of Appeals for this circuit is controlling. However, I am of the opinion that there are genuine issues as to material facts, which should be submitted for determination upon evidence, either to the court, or to a jury.

The answering defendants deny that The Burg Company, at the time of the commencement of this suit, was indebted to the plaintiff in the sum of $107,467.78, with interest, or in any amount. The plaintiff herein filed a claim in The Burg Company's bankruptcy proceeding in the amount of $124,215.33, and stated in its proof of claim that interest from June 13, 1933, to January 10, 1934, to the amount of $4,215.33 was included therein. Objections to said claim were filed by the trustee of said bankrupt's estate, and said claim was thereafter allowed, pursuant to stipulation of creditor and the trustee in the sum of $118,341.98.

In the complaint herein, the plaintiff alleges that the following payments were made on said notes (aggregating $120,000), to-wit:

On May 5, 1933, the sum of .... $ 698.02;
On September 19, 1935 (by trustee) ...................... 5,917.10;
On January 21, 1937 (by trustee) ...................... 5,917.10;

Total ...................... $12,532.22

The total of the above payments, deducted from the $120,000, gives the sum of $107,467.78, the amount sued for herein.

The obvious discrepancy between the amount stipulated as being due and owing plaintiff from the bankrupt in the bankruptcy proceeding, and the amount now sued for, requires explanation in the way of evidence.

Further, there is no allegation in the complaint as to the source of the payment of $698.02, alleged to have been received by the plaintiff on May 5, 1933, "on the aforesaid loan of $120,000.00". (See complaint, paragraph VIII). A receiver had been appointed for The Burg Company and was qualified and acting on May 5, 1933, the date of the alleged payment. The answering defendants deny any knowledge of said payment. The source of this payment may have a very important bearing on the acceleration clause appearing in the notes, and in determining as to whether or not the statute of limitations has run against the cause of action set out herein. This payment and its source should be explained upon a trial of this cause.

The court would not be justified in granting the motion of the plaintiff for summary judgment, and accordingly, the motion is denied.