The **AKWELL CORPORATION,**
Plaintiff,

v.

Julian L. **EIGER,** doing business under the firm name and style of Overseas Pharmaceutical Co., Defendant.

United States District Court
S. D. New York.
May 4, 1956.
Motion for Reargument Denied
May 25, 1956.

25. United States v. Levy, 7 Cir., 138 F. 2d 429, 433.

20

Jacob Rosenberg, New York City, for plaintiff.

Bernard W. Goldenberg, New York City, for defendant.

LEVET, District Judge.

Defendant has moved to dismiss the complaint in this action to recover damages for an alleged fraud on the ground that the Court lacks jurisdiction because (a) the plaintiff is not the real party in interest; and (b) the controversy is not between citizens of different states, in that the defendant is a citizen of the State of New York and that Killashun Export Corporation, the alleged real party in interest, is also a citizen of the State of New York.

It appears from the affidavits and annexed exhibits submitted on this motion that the defendant had been a customer of Killashun Export Corporation. It also appears that pursuant to an agreement of "Merger and Consolidation" be-

tween National Hygienic Products Corporation, The J. & E. Stevens Sales Co., and Killashun Export Corporation a combination was effected which resulted in the continued existence of the National Hygienic Products Corporation. Article X of the agreement provides as follows:

> "The corporate name, identity, existence franchises, rights and immunities of said National Hygienic Products Corporation, party of the first part hereto, shall continue unaffected and unimpaired; and the Consolidated Corporation shall possess the powers, privileges and rights granted by and shall be governed by and subject to this Agreement of Merger and Consolidation."

A photostatic copy of a certificate of the Secretary of State of Delaware, which is annexed to the answering affidavit, indicates that the agreement was filed in the Secretary's office on December 14, 1954.

There is also annexed a photostatic copy of a certificate of the Secretary of State of Delaware which states that on January 7, 1955 a certificate of amendment of the certificate of incorporation of National Hygienic Products Corporation was filed in the Secretary's office. Pursuant to said certificate of amendment, the name of the corporation was changed to The Akwell Corporation, the plaintiff in this action.

 Although the term "consolidation" is used in the agreement between the combining corporations in conjunction with the term "merger," it is manifest that the combination of corporate entities resulted in a merger. A merger consists in the uniting of two or more corporations by the transfer of all of the property to an existing corporation which survives the absorption. In this respect a merger differs from a consolidation wherein the existence of all the corporate entities terminates and a new corporation is created. See Thompson on Corporations, Vol. 8, Section 6012 at p. 69.

█ It is well settled that subsequent to a merger the continuing corporation succeeds to the rights of the absorbed corporation and may itself sue on the claims of the absorbed corporation which have passed to the survivor or continuing corporation by reason of the merger. Storer Broadcasting Co. v. Jack The Bellboy, Inc., D.C. 107 F.Supp. 988; Bank of United States v. Glickman, 241 App.Div. 92, 271 N.Y.S. 90, affirmed 265 N.Y. 539, 193 N.E. 309; Fletcher, Cyclopedia Corporations, Vol. 15, Section 7177.

 Accordingly, the plaintiff, The Akwell Corporation, is a proper party to this action and, therefore, this Court has jurisdiction to entertain the suit because there is a diversity of citizenship between the plaintiff, a Delaware corporation, and the defendant, who is a citizen of the State of New York.

Defendant's motion to dismiss is denied.

### On Motion for Reargument.

The defendant has moved to reargue its motion to dismiss the complaint. The grounds for the original motion were that the plaintiff is not the real party in interest and that this Court lacks jurisdiction because both parties are citizens of New York State. Defendant's motion was denied upon a finding that the plaintiff is a proper party to this action and that the parties are citizens of different states.

The basis for defendant's motion for reargument is that the alleged transactions between Killashun Export Corporation and the defendant occurred after the merger of Killashun with the plaintiff and that the defendant engaged in the aforesaid transactions in the belief that it had been dealing with Killashun Export Corporation.

 However, it is clear that subsequent to said merger no transactions could have occurred between defendant and Killashun Export Corporation as principal because Killashun ceased to exist as a separate corporate entity. See

Puro Filter Corporation of America v. Trembley, 266 App.Div. 750, 41 N.Y.S.2d 472, appeal denied 266 App.Div. 848, 43 N.Y.S.2d 635. Where a corporation which has been absorbed by another corporation transfers its assets and liabilities to such other corporation, thereby effecting a complete dissolution of the former, such corporation has no standing to sue or be sued with respect to matters unrelated to the winding up of its corporate affairs. International Pulp Equipment Co. Ltd. v. St. Regis Kraft Co., D.C.Del.1944, 54 F.Supp. 745; Kinney v. Reid Ice Cream Company, 57 App. Div. 206, 68 N.Y.S. 325. In the Kinney case, the Court stated that, "a cause of action cannot be said to have been created in favor of a corporation which had passed out of existence before the cause of action came into being." 57 App.Div. at page 209, 68 N.Y.S. at page 328.

█ Assuming the correctness of defendant's contention that it was not aware that it had dealt with the plaintiff, any transactions between the defendant and former Killashun employees, who were then employed to act on behalf of the plaintiff, inured to the benefit of the plaintiff as an undisclosed principal, and the plaintiff can properly maintain an action thereon. Kelly Asphalt Block Company v. Barber Asphalt Paving Company, 211 N.Y. 68, 105 N.E. 88, L.R.A. 1915C, 256; Morris v. Chesapeake & O. S. S. Co., D.C.S.D.N.Y.1903, 125 F. 62, affirmed 2 Cir., 148 F. 11, certiorari denied 203 U.S. 592, 27 S.Ct. 781, 51 L.Ed. 331.

█ There is an exception to the general rule that an undisclosed principal may enforce a contract made on his behalf where the contract involves a confidential relationship between the third party and the agent. Navarre Hotel and Importation Company v. American Appraisal Company, 156 App.Div. 795, 142 N.Y.S. 89; Moore v. Vulcanite Portland Cement Co., 121 App.Div. 667, 106 N.Y.S. 393. However, where there is no evidence to show that the third party had previously refused to contract with the principal or that the third party had insisted upon a direct contract with the agent only, the fact that the third party thereafter states that he would not have entered into the contract if he had known that the undisclosed principal was the party in interest is no defense to the principal's right to maintain an action as the real party in interest. Kelly Asphalt Block Company v. Barber Asphalt Paving Company, 136 App.Div. 22, 120 N.Y.S. 163.

█ The fact that the name "Killashun Export Corporation" may have been employed in the course of the alleged transactions does not affect plaintiff's right to bring this action. A corporation may acquire the name and good will of another corporation or person and may use such name in the conduct of its own business. Hackenheimer v. Kurtzmann, 235 N.Y. 57, 138 N.E. 735; Dairymen's League Co-Op Ass'n, Inc., v. Weckerle, 160 Misc. 866, 291 N.Y.S. 704.

Upon the merger, plaintiff succeeded to the rights which Killashun Export Corporation possessed, including the latter's name and good will and could thereafter assert said rights in its dealings with the defendant.

Defendant's motion for reargument is denied for the reason stated by this Court in its denial of the defendant's original motion to dismiss the complaint herein.

So ordered.