**SENTRY MARKETING, INC., Plaintiff,**

v.

**UNISOURCE WORLDWIDE, INC. d/b/a Sentry Circuit Products; Paper Corporation of the United States; and Insulectro, Defendants.**

No. 98–CV–1748.

United States District Court, N.D. New York.

March 4, 1999.

D. Victor Pellegrino, P.C., Utica, NY, D. Victor Pellegrino, of counsel, for Sentry Marketing, Inc.

Hancock & Estabrook, L.L.P., Syracuse, NY, John L. Murad, Jr., of counsel, for Unisource Worldwide, Inc. and Paper Corporation of the United States.

Saperston & Day, P.C., Rochester, NY, Patrick B. Naylon, of counsel, for Insulectro.

### MEMORANDUM—DECISION AND ORDER

HURD, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff, Sentry Marketing, Inc. ("Sentry" or "plaintiff"), moved to remand this action to state court, which defendant Unisource Worldwide, Inc. ("Unisource") opposes. Plaintiffs motion was submitted for decision without oral argument.

## II. BACKGROUND

Sentry commenced this action on October 5, 1998 in the Supreme Court of the State of New York, County of Oneida, asserting several causes of action against the defendants involving the breach of a purported oral joint venture agreement for the manufacture, sale, distribution, merchandising, and development of a release film used in the production of multi layer boards in the printed circuit industry.[1] (Compl. at 2.) In addition to various forms of equitable relief, plaintiff seeks punitive damages, and attorneys fees and costs.

Unisource filed a notice of removal on November 12, 1998, alleging federal court jurisdiction under 28 U.S.C. § 1332. On December 10, 1998, plaintiff moved to remand, pursuant to 28 U.S.C. § 1447(c), on three grounds. First, plaintiff claims that there is no complete diversity because defendant Paper Corporation of the United States ("Paper Corporation") is a citizen of the State of New York. Second, plaintiff claims that the notice of removal is defective because it was not signed or consented to by all of the defendants. Finally, plaintiff contends that the notice of removal was not timely filed. Plaintiff requests costs and attorneys fees incurred in bringing this motion.

## III. DISCUSSION

▆▆▆ The removal statute authorizes remand on the basis of any defect in removal procedure or because the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c); *Town of Moreau v. State Dep't of Envtl. Conservation,* No. 96–CV–983, 1997 WL 243258, at *1 (N.D.N.Y. May 5, 1997) (citing *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.,* 31 F.3d 70, 72 (2d Cir.1994)). The burden is on the removing party to prove that it has met the requirements for removal. *Avon Prod-*

*ucts, Inc. v. A/J Partnership,* Nos. 89 Civ. 3743(PNL), 89 Civ. 8032(PNL), 1990 WL 422416 at *1 (S.D.N.Y. March 1, 1990); *Maybruck v. Haim,* 290 F.Supp. 721, 724 (S.D.N.Y.1968).

### A. Removability in Diversity Cases

▆▆▆ An action not involving a federal question is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." 28 U.S.C. § 1441(b). In other words, removal based upon diversity jurisdiction requires all the defendants to be citizens of different states than the plaintiff. *Owen Equip. and Erection Co. v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 68 (2d Cir.1990). Diversity is generally ascertained at the time the lawsuit is commenced and at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939); *United Food & Commercial Workers Union, Local 919, AFL—CIO v. CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298 (2d Cir.1994).

▆▆▆ The complaint alleges that: Plaintiff is a corporation organized under the laws of the State of New York, Unisource is a corporation organized under the laws of Delaware and doing business in the State of New York, and defendant Insulectro is a corporation organized and existing under the laws of California and doing business in the State of New York. (Compl. at ¶¶ 1–3.) The complaint also alleges that Paper Corporation was organized under the laws of the State of New York and merged into Unisource on August 29, 1995. (Comp. at ¶ 2.)

Unisource claims that, since Paper Corporation merged into Unisource, it has the

---

1. Plaintiff's complaint asserts the following causes of action and claims for equitable relief against Unisource and Paper Corporation: Declare a joint venture and order an accounting, breach of contract, restitution, quantum meruit, misappropriation of trade secrets, un- fair competition, conversion, tortious interference with business relations, inducing breach of contract, and promissory estoppel. Plaintiff asserts the following against Insulectro: Tortious interference with business relations, inducing breach of contract, and slander.

same citizenship as Unisource. Sentry concedes that Paper Corporation merged into Unisource. However, it unexplainably proceeds to analogize Paper Corporation to a dissolved corporation and a subsidiary corporation. However, plaintiff cannot have it both ways. A corporation cannot be merged, dissolved, and a subsidiary all at the same time. A merger consists of uniting two or more corporations by the transfer of all property to an existing corporation which survives the absorption. *See Akwell Corp. v. Eiger*, 141 F.Supp. 19, 21 (S.D.N.Y.1956). Paper Corporation undisputedly merged into Unisource, as evidenced by the Certificate of Ownership and Merger filed on August 29, 1995 with the Secretary of State of the State of Delaware. The issue then becomes the effect of merger on the merged corporation. In *Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir.1986), the court looked to the statute of the state of the merged corporation, which was California. The court determined that under California's statute, the separate existence of the merged corporation ceases and its citizenship becomes that of the surviving corporation. *Id.* Similarly, in New York, a merged corporation ceases to exist as a separate corporate entity and the continuing corporation succeeds to the rights of the absorbed corporation. *See* N.Y.Bus. Corp.Law §§ 906(b)(2), (3), 907(i) (McKinney 1986); *Akwell*, 141 F.Supp. 19 (holding that where a Delaware corporation absorbed a New York corporation by merger, claim of the merged New York corporation against the defendant passed to the Delaware corporation and therefore, the Delaware corporation was a proper party to the action.) Therefore, the citizenship of the surviving corporation should be determinative for diversity purposes. In this case, the surviving corporation, Unisource, is a citizen of Delaware and therefore, diversity has been established.

### B. *Consent*

■ Generally, all defendants must join in the notice of removal. *Chicago,*

*Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *Bradford v. Harding*, 284 F.2d 307 (2d Cir.1960); *Town of Moreau*, 1997 WL 243258. However, "[w]hile courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Town of Moreau*, 1997 WL 243258, at *4 (quoting *Michaels v. New Jersey*, 955 F.Supp. 315, 321 (D.N.J. 1996)); *see also Miller v. First Sec. Invs., Inc.*, 30 F.Supp.2d 347, 351 (E.D.N.Y. 1998). In other words, "[e]ach [defendant] must independently and unambiguously file notice of its consent and its intent to join in the removal within the thirty day period." *Henderson v. Holmes*, 920 F.Supp. 1184, 1187 (D.Kan.1996); *see also Town of Moreau*, 1997 WL 243258, at *4. The thirty day period for removal commences when the initial pleading is received by the first defendant. *Town of Moreau*, 1997 WL 243258, at *6; *Botelho v. Presbyterian Hospital in New York*, 961 F.Supp. 75 (S.D.N.Y.1997). Accordingly, all the defendants must join in or consent to the removal petition within the thirty day period or else the case must be remanded. *Town of Moreau*, 1997 WL 243258, at *6; *Forum Ins. Co. v. Texarkoma Crude & Gas Co.*, 92 Civ. 8602, 1993 WL 228023 at *2 (S.D.N.Y. June 22, 1993).

■ Nominal or formal parties are not required to join in the removal petition. *Still v. DeBuono*, 927 F.Supp. 125, 129 (S.D.N.Y.), *aff'd*, 101 F.3d 888 (2d Cir. 1996). "A party is 'nominal' when that party has little or no interest in the outcome of the litigation and 'no cause of action or claim for relief is or could be stated against it.'" *Id.* (citations omitted). Several courts have held that "[t]he test of whether or not a named defendant is a nominal party is if 'his role in the law suit is that of a depositary or stakeholder....'" *Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assis-*

*tants' Local 349,* 427 F.2d 325 (5th Cir. 1970) (citation omitted); *Hewitt v. City of Stanton,* 798 F.2d 1230 (9th Cir.1986); *Birnbaum v. SL & B Optical Ctrs., Inc.,* 905 F.Supp. 267 (D.Md.1995).

 Unisource claims that Insulectro is a nominal party because the claims asserted against Insulectro for tortious interference with business relations and inducing breach of contract are contingent upon finding a joint venture between plaintiff and Unisource. Unisource also claims that the cause of action for slander is a separate and independent claim, and therefore, pursuant to 28 U.S.C. § 1441(c), Insulectro's consent to removal is not required. However, defendant is incorrect in both assertions. The mere fact that Sentry's claims against Insulectro are contingent upon finding a joint venture between Sentry and Unisource does not render Insulectro a nominal party. Obviously, Insulectro is more than a depository or stakeholder in this action. In addition, Sentry may be able to assert causes of action against Insulectro if such joint venture is found. Therefore, it cannot be said that "no cause of action or cause for relief could be stated against it." *DeBuono,* 927 F.Supp. at 129. With respect to Unisource's assertion that Insulectro's consent was not required to remove the slander claim because that claim is separate and independent, a close reading of the statute reveals that the authority for removal of separate and independent claims arises only in the context of cases involving a federal question. Such authority does not apply in diversity cases. *See* 28 U.S.C. § 1441(c); *American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 12–15, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Therefore, consent is required to remove separate and independent claims in diversity cases. Thus it is clear that Insulectro was required to join in Unisource's removal petition. Since it did not do so and its time to consent has lapsed, this case must be remanded.[2]

As a result, Sentry's third ground for remand, that the petition for removal was not timely, becomes moot and need not be addressed.

## IV. CONCLUSION

Even though Unisource established federal diversity jurisdiction, pursuant to 28 U.S.C. § 1332, the failure of Insulectro to join in the removal petition mandates remand of this action.

Accordingly, it is hereby

ORDERED, that

1. Plaintiff's motion to remand is GRANTED;

2. The Clerk of the Court is directed to transfer this entire action to the Supreme Court of the State of New York, County of Oneida; and

3. Plaintiff's request for attorneys fees and costs, pursuant to 28 U.S.C. § 1447(c), incurred as a result of removal is DENIED.

IT IS SO ORDERED.

---

2. The attorney's affirmation on behalf of Insulectro filed January 5, 1999, consenting to removal was not in a "timely fashion." *Town of Moreau,* 1997 WL 243258, at *4.