**Charles JOHNSON**

v.

**BALTIMORE CITY POLICE DEPARTMENT, et al.**

Civ. No. Y–90–3133.

United States District Court, D. Maryland.

March 1, 1991.

Frederick P. Charleston, Baltimore, Md., for plaintiff.

J. Joseph Curran, Jr., Atty. Gen. of Maryland, and Stuart M. Nathan, Asst. Atty. Gen., Baltimore, Md., for defendant State of Md.

Otho M. Thompson, Baltimore, Md., for defendant Baltimore City Police Dept.

Bernadette A. Gartrell, Silver Spring, Md., for defendant Malachi Wilson.

Robert C. Verderaime, Baltimore, Md., for defendant Steven Sturm.

## MEMORANDUM

JOSEPH H. YOUNG, Senior District Judge.

Johnson was suspected of operating a stolen vehicle. He alleges that he was apprehended by members of the Baltimore City Police Department and then "brutally assaulted" on October 13, 1989. The criminal charges against Johnson were "nol prossed."

The State of Maryland has been named a defendant because it is alleged the officers and other members of the Baltimore Police Department were "employees and agents of the State of Maryland" and were "acting within the scope of employment." (Complaint at paragraphs 5–7).

The causes of action alleged in the complaint are: (I) assault and battery; (II) false arrest and imprisonment; (III) malicious prosecution; (IV) intentional infliction of emotional distress; (V) negligence; (VI) violation of Articles 24 and 26 of the Maryland Declaration of Rights; (VII) 42 U.S.C. § 1983; (VIII) gross negligence; and, (IX) civil conspiracy.

### Motion to Dismiss [1]

■ The Eleventh Amendment bars a suit for damages against a state in federal court, unless the state has waived its immunity or Congress has overridden the immunity. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98–100, 104 S.Ct. 900, 906–908, 79 L.Ed.2d 67 (1984). While the State of Maryland has waived its immunity with respect to certain tort actions brought in state court pursuant to the Maryland Tort Claims Act, section 12–101 *et seq.*, State Government Article, the Supreme Court "consistently has held that a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in federal courts." *Id.* at 99 n. 9, 104 S.Ct. at 907 n.

9. "A review of Maryland's statutes indicates that the State has not consented expressly to suits in federal court based on common law tort liability. In fact, the statutes clearly limit the State's waiver of immunity solely to actions brought in the state courts." *Smith v. Bernier*, 701 F.Supp. 1171, 1174 (D.Md.1988). A State can waive its immunity only "in one of two ways: (1) directly by statutory or constitutional provision (citation omitted) or (2) 'constructively' by voluntarily participating in a federal program when Congress has expressly conditioned state participation in that program on the State's consent to suit in federal court." *Westinghouse Elec. v. W.Va. Dept. of Highways*, 845 F.2d 468, 470 (4th Cir.1988).

■ The State of Maryland moves this Court to dismiss the complaint against it, arguing that the Eleventh Amendment bars suit in the federal court against a State which has not waived its immunity and that the State of Maryland never waived its immunity. Plaintiff asserts that the case was *initiated* in state court and then removed to federal court by *all* the defendants and claims that the State may not now assert its immunity after having removed the case to federal court.

Contrary to plaintiff's position, the issue whether the State petitioned the court or simply agreed to remove the case to federal court is unimportant. Neither waiver under *Westinghouse* applies under the facts in this case. Therefore, the suit against the State is barred by the Eleventh Amendment.

Next, the State argues that it never waived its immunity with respect to claims brought under the Maryland Declaration of Rights. The Court of Special Appeals in *Catterton v. Coale*, 84 Md.App. 337, 579 A.2d 781 (1990), restricted the holding in *Dep't of Nat'l Resources v. Welsh*, 308 Md. 54, 521 A.2d 313 (1986) to its facts and held that the doctrine of sovereign immunity specifically applies to a claim under the Declaration of Rights.

---

1. Plaintiff submitted, in addition to its Opposition to the State of Maryland's Motion to Dismiss, an Opposition to Baltimore City's Motion to Dismiss. No motion to dismiss was filed with this Court by the City of Baltimore.

The State also argues that a State cannot be held liable for a violation of 42 U.S.C. § 1983, the Civil Rights Act of 1871. In *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court concluded that only a "person" can be sued under section 1983, and the State is not a "person." Therefore, no suit can be maintained against the State of Maryland under section 1983.

Accordingly, the action against the State of Maryland must be dismissed.

### Motion to Remand

Plaintiff seeks to remand the case to the Circuit Court for Baltimore City, arguing that the removal petition was untimely filed.

Plaintiff filed this action in the Circuit Court for Baltimore City on October 11, 1990. Service of process was effected on each defendant on the following dates:

a.  Baltimore City Police Department  10/23/90
b.  State of Maryland  10/23/90
c.  Malachi Wilson  10/22/90
d.  Steven Sturm  10/19/90
e.  "Unknown Officers"  10/22/90

On December 4, 1990, all defendants filed a notice of removal of this action to this Court pursuant to 28 U.S.C. § 1441.

Subsection (b) of 28 U.S.C. § 1446 requires any removal notice to be filed within thirty (30) days after receipt by the defendant of a "copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." The great weight of authority supports the proposition that the time limitation is mandatory and must be strictly applied. Failure to file a petition within the applicable time limits forever bars any filing for removal. *Perrin v. Walker,* 385 F.Supp. 945, 948 (E.D.Ill.1974). This statute has been interpreted to require all served defendants, except nominal parties, to join in or consent to the removal petition within thirty days

of service. *Godman v. Sears, Roebuck and Co.,* 588 F.Supp. 121, 123 (E.D.Mich. 1984); *Balestrieri v. Bell Asbestos Mines, Ltd.,* 544 F.Supp. 528 (E.D.Pa.1982); *Mason v. Int'l Business Machines, Inc.,* 543 F.Supp. 444 (M.D.N.C.1982). The thirty-day period begins to run for all defendants when the first defendant is served. *Godman, supra; Schmidt v. Nat'l Org. for Women,* 562 F.Supp. 210 (N.D.Fla.1983).

The thirty-day period began to run on October 19, 1990, the day the first defendant was served. The removal petition, signed by all defendants, was filed December 4, 1990, approximately 43 days from the date the statutory period began. To be effective the petition had to be filed November 18, 1990. Thus, the petition was untimely filed.

Defendant, arguing that plaintiff's grant of extensions to file responsive pleadings to defendants Sturm and Wilson was a waiver of time to object on the grounds that the removal was untimely, relies upon *Ayers v. Watson,* 113 U.S. 594, 5 S.Ct. 641, 28 L.Ed. 1093 (1885) for support.

The law has changed many times since *Ayers* was decided. It is clear that the time limitation is now mandatory. In any event, the first extension of time was granted November 19, 1990, one day after the deadline for filing a petition. *See Maglio v. F.W. Woolworth Co.,* 542 F.Supp. 39 (E.D.Pa.1982) (petition for removal filed thirty-one days after date noted on return receipt was untimely filed).

Accordingly, the case must be remanded.

### ORDER

In accordance with the attached Memorandum, it is this 1st day of March 1991, by the United States District Court for the District of Maryland, ORDERED, that:

1.  The Motion to Dismiss the State of Maryland BE, and the same IS, hereby GRANTED; and that

2.  The plaintiff's Motion to Remand BE, and the same IS, hereby GRANTED; and that

3. The Clerk of the Court for the United States District Court for the District of Maryland is directed to return the court file to the Circuit Court for Baltimore City (Case No. 90284055/CL 120687) and close the case on the record of this Court; and that

4. Each party bears its costs.