GATES CONSTRUCTION CORPORATION,
Plaintiff,

v.

Walter KOSCHAK, Jr., and Carol Koschak, Defendants.

Walter KOSCHAK, Jr., and Carol Koschak, Plaintiffs,

v.

GATES CONSTRUCTION CORPORATION,
Defendant.

Nos. 91 Civ. 5889 (MBM),
91 Civ. 6890 (MBM).

United States District Court,
S.D. New York.

June 5, 1992.

John A.V. Nicoletti, John K. McElligott, Donovan Parry Walsh & Repetto, New York City, for Gates Const. Corp.

Paul C. Matthews, New York City, for Walter Koschak, Jr., and Carol Koschak.

## OPINION AND ORDER

MUKASEY, District Judge.

Gates Construction Corporation ("defendant") has sued Walter Koschak, Jr., and Carol Koschak ("plaintiffs") for a declaratory judgment that Walter Koschak is not entitled to sue as a seaman under the Jones Act, 46 App.U.S.C. § 688, for injuries sustained while employed by defendant ("the declaratory judgment action"). Just after filing the declaratory judgment action, defendant removed to federal court the Jones Act personal injury suit brought by plaintiffs in Supreme Court, Bronx County ("the Jones Act suit"). Plaintiffs move to remand the Jones Act suit and to dismiss the declaratory judgment action. For the reasons set forth below, plaintiffs' motions are granted.

### I.

On March 8, 1989, during his employment and while constructing foot bridges at Liberty Island State Park, Walter Koschak was injured by a piece of flying debris. (Declaratory J. Compl. ¶ 11) In December, 1990, plaintiffs attempted to commence the Jones Act suit in Supreme Court, Bronx County, by mailing a summons and complaint to defendant's New Jersey headquarters. (Pl. Notice of Mot.Ex. A) In its Answer, defendant alleged that the December service had been defective and that, therefore, the court lacked personal jurisdiction over defendant. (McElligott Aff. ¶ 5; see Notice of Mot.Ex. H)

In addition to its Answer, defendant also served on plaintiffs a series of discovery demands. (See McElligott Aff. ¶ 6 and Ex. A) Defendant deposed Walter Koschak on February 28, 1991, and plaintiffs deposed defendant for the first time on May 29, 1991. The parties continued with discovery throughout the summer of 1991. (Id. ¶¶ 7–13)

Plaintiffs' attorney, Paul Matthews, Esq., claims that on June 4, 1991, he had a summons and complaint personally served on defendant. However, defendant claims that it never received the June 4, 1991 summons and complaint (Declaratory J.

Compl. ¶¶ 17–18), and Matthews did not provide an affidavit service until October 23, 1991, when he moved to have it admitted *nunc pro tunc* in the state action. Matthews claims that he did not file the affidavit of service until October because of a change in the New York service statute and a timing error. (Matthews Aff. ¶ 5)

On August 29, 1991, defendant filed the declaratory judgment action at hand, seeking a determination "of its rights and responsibilities to Walter Koschak under either the Longshore and Harbor Workers' Compensation Act or the Jones Act...." (Declaratory J.Compl. I ¶ 18)

On September 27, 1991, plaintiffs again served process on defendant; defendant does not contest the validity of this service of process. (McElligott Aff. ¶ 22)

On October 15, 1991, defendant filed a notice of removal in the Southern District of New York pursuant to 28 U.S.C. § 1441 *et seq.;* accordingly, the Jones Act suit was removed to this Court.

### II.

Plaintiffs move to remand the Jones Act suit to state court on the grounds that: (1) 28 U.S.C. § 1445(a) prohibits removal of Jones Act suits; (2) the removal petition was untimely; and (3) defendant is barred by laches. (Pl.Mem. at 2)

Section 1445(a) of Title 28 provides that: "A civil action in any State Court against a railroad or its receivers or trustees, arising under Sections 51 to 60 of Title 45, may not be removed to any district court of the United States." Under 46 App.U.S.C. § 688, the statutes modifying railway employees' remedies are applicable to seamen. Therefore, Jones Act claims ordinarily are not removable. *See Gonsalves v. Amoco Shipping Co.*, 733 F.2d 1020, 1021–22 (2d Cir.1984); *Pate v. Standard Dredging Corp.*, 193 F.2d 498, 500 (5th Cir.1952).

Defendant argues that the Jones Act suit is removable because the declaratory judgment action was brought "to ascertain whether indeed Walter Koschak

was a seaman at the time of his injuries, or was only a dock builder, as Gates contends." (Def.Mem. at 9–10) Although a question of fact exists as to whether Walter Koschak qualifies as a Jones Act seaman, I need not resolve that issue here because defendant's removal was not timely.

Under 28 U.S.C. § 1446(b) (emphasis added), the petition for removal must be filed "within thirty days after the receipt by the defendant, through service *or otherwise*, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Although defendant has cited cases holding that the 30–day removal period does not commence until service of process has been effected, *see, e.g., Love v. State Farm Mutual Auto Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982), the more substantial authority is to the contrary.

In fact, most courts and commentators that have passed on the question have determined that, because § 1446(b) expressly refers to the defendant's receipt of the initial pleading through service or process "or otherwise," "[s]ervice of process under state law does not control for removal purposes." *Tyler v. Prudential Ins. Co.*, 524 F.Supp. 1211, 1213 (W.D.Pa.1981); *see, e.g., Conticommodity Serv., Inc. v. Perl*, 663 F.Supp. 27 (N.D.Ill.1987) (so long as defendant receives actual notice of substance of litigation, proper service need not be effected in order to start § 1446(b)'s 30–day time limit); *Schwartz Bros., Inc. v. Striped Horse Records*, 745 F.Supp. 338, 340 (D.Md.1990) (30–day time limit under § 1446(b) "begins to run when the defendant receives the complaint, through proper service or otherwise"); *see also* 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper *Federal Practice and Procedure* § 3732 at 516 (1985) ("Technicalities of state law as to the completion of service of process are ignored ... when removal is considered."); 1A Moore's Federal Practice, 0.168 [3.–5–3] at 576 (1986) ("The statute [28 U.S.C. § 1446(b) ] does not refer to 'commencement of the action or service of process.' ").

Moreover, reason counsels in favor of finding that perfection of service of process does not determine when § 1446(b)'s 30–day removal period begins. As the court in *Schwartz Bros., supra*, 745 F.Supp. at 340 (emphasis in original), explained:

Three considerations compel this conclusion. First, the plain language of § 1446(b) indicates that proper service is not required; all that is required is that the defendant receive the complaint 'through service *or otherwise*.' ... Second, construing § 1446(b) in the manner adopted by this Court fulfills the purpose of Congress in enacting the provision. The purpose ... was to establish a uniform federal system for removal of cases to federal court.... Finally, construing the statute as not requiring perfected service is consistent with the well-established principle that the removal statute is to be construed narrowly and against removal.

Because I find the above reasoning persuasive and because it represents prevailing authority, I find that defendant's 30–day removal period began to run when defendant received plaintiff's complaint in December 1990. Therefore, because defendant did not petition for removal until over nine months after first receiving plaintiffs' Jones Act complaint, defendant's removal is time-barred.

### III.

■ "Even if federal jurisdiction exists and the requirements for a declaratory judgement action are met, it remains within the discretion of the district court to decline to hear a declaratory judgment action." *Sturge v. Diversified Transport Corp.*, 772 F.Supp. 183, 186 (S.D.N.Y.1991) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942)). One basis for declining to hear a declaratory judgment action is the existence of a pending action in another court that will resolve the controversies between the parties in the declaratory judgment action. *Brillhart*, 316 U.S. at 495, 62 S.Ct. at 1175; *see Sturge*, 772 F.Supp. at 186; *see also Ven–Fuel, Inc. v. Dep't of Treasury*, 673 F.2d 1194, 1195 (11th Cir.

1982); *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir.1967) ("That Amerada's petition for declaratory judgment apparently was in anticipation of the New York suit is an equitable consideration that the district court was entitled to take into account."), *cert. denied*, 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828 (1968).

 Moreover, declining to hear a declaratory judgment action when a coercive action regarding substantially similar claims between the parties is pending in another court accords with the underlying purpose of the Declaratory Judgment Act. "The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise could be presented in a state action." 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2758 at 630–32 (1983).

The Second Circuit has held also that "[w]hen the declaratory judgment action has been triggered by a notice [of suit] letter, this equitable consideration may be a factor in the decision to allow the later filed action to proceed to judgment in the plaintiff's chosen forum." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir.1978), *cert. denied*, 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). "As Mr. Justice Brennan has observed, '[t]he federal declaratory judgment is not a prize to the winner of a race to the courthouses.'" *Id. (Perez v. Ledesma*, 401 U.S. 82, 119 n. 12, 91 S.Ct. 674, 694 n. 21, 27 L.Ed.2d 701 (1971) (Brennan, J. dissenting)).

 In the case at hand, three factors weigh against exercising jurisdiction over the declaratory judgment action. Most importantly, proceeding with the declaratory judgment action would enable defendant to circumvent the Jones Act's removal prohibition. If defendant were allowed to litigate in a federal declaratory judgment action its defense to plaintiff's Jones Act suit, which plaintiffs chose to file in state court, the Jones Act's explicit grant to "Jones Act plaintiff[s] [of] a choice-of-forum privi-

lege," *Gonsalves*, 733 F.2d at 1022, would be materially undermined. Second, defendant filed the declaratory judgment action with notice that plaintiff intended to, and was attempting to, proceed in state court; defendant itself was conducting discovery in state court until the time it petitioned for removal. Third, the issues presented for decision in the declaratory judgment action can, and presumably will, be determined in the Jones Act suit; determining here whether plaintiff qualifies as a Jones Act seaman merely would afford defendant an alternative forum in which to litigate an issue properly raised as a defense in the state court action. Therefore, I decline to exercise jurisdiction over defendant's declaratory judgment action.

For the above reasons, the Jones Act suit is remanded to state court and the declaratory judgment action is dismissed.

SO ORDERED.