**Bertha FIGUEROA and Pelegrin F. Figueroa, Plaintiffs,**

v.

**Yon H. KIM and Sang Do Kim, Defendants.**

**No. 92 Civ. 9280 (MGC).**

United States District Court, S.D. New York.

Feb. 26, 1993.

## MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

This action was originally filed in Bronx County Supreme Court. Defendants Yon H. Kim and Sang Do Kim removed the action to this Court pursuant to 28 U.S.C. § 1446. Plaintiffs Bertha Figueroa and Pelegrin F. Figueroa have moved to remand the action. For the reasons discussed below, plaintiffs' motion is granted.

On November 4, 1992, plaintiffs commenced this action by mailing copies of the summons with notice to the Secretary of State pursuant to § 253 of New York's Vehicle and Traffic Law. On November 7, 1992, on behalf of both defendants, defendant Yon H. Kim acknowledged receipt of the summons with notice. Service was not perfected until December 3, 1992 when the return receipt was filed with the clerk's

office. Defendants filed a Notice of Removal on December 23, 1992. The Notice of Removal states that both defendants received the summons with notice on November 7, 1992. On January 22, 1993 plaintiffs filed a motion to remand the action to state court on the ground that the removal petition was not filed within 30 days after receipt of the summons with notice as required by 28 U.S.C. § 1446(b).

## DISCUSSION

■ Under 28 U.S.C. § 1446(b), the petition for removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." Defendants argue that their petition is timely because the 30–day removal period did not commence until December 3, 1992, the date on which service of process was perfected.

A number of courts have held that the 30–day removal period commences upon perfection of service. See Marion Corp. v. Lloyds Bank, PLC, 738 F.Supp. 1377 (S.D.Ala.1990); Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd., 645 F.Supp. 37 (S.D.Fla.1986); Hunter v. American Express Travel Related Services, 643 F.Supp. 168 (S.D.Miss.1986). However, many courts have taken the view that the 30–day removal period commences upon the defendant's receipt of an initial pleading which provides notice that the action is removable. See Gates Const. Corp. v. Koschak, 792 F.Supp. 334 (S.D.N.Y. 1992); Schwartz Bros., Inc. v. Striped Horse Records, 745 F.Supp. 338 (D.Md. 1990); Pic–Mount Corp. v. Stoffel Seals Corp., 708 F.Supp. 1113 (D.Nev.1989).

After reviewing the two competing approaches, I am persuaded that it is the defendant's receipt of an initial pleading which provides notice of removability that begins the thirty-day removal period rather than perfected service. This construction of the removal statute is compelled by the plain language of the statute, which explicitly refers to "receipt by the defendant, through service or otherwise." (emphasis added) This construction is buttressed by the well established rule that removal statutes are to be construed strictly and against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

Defendants concede that they received the summons with notice on November 7, 1992. Because defendants did not petition for removal within 30 days of that date, defendants' petition is untimely.

■ Defendants next argue that a summons with notice does not constitute an initial pleading for purposes of the removal statute. While the Court of Appeals for the Second Circuit has not addressed what constitutes an initial pleading under the removal statute, courts in this District have held that any document from which the defendant can "intelligently ascertain removability" constitutes an initial pleading. See Flood v. Celin Jewelry, Inc., 775 F.Supp. 700 (S.D.N.Y.1991); Sharon v. Nat'l Life Ins. Co. of Vermont, No. 88 Civ. 4120, 1988 WL 87508, at *1 (S.D.N.Y. Apr. 12, 1988); Universal Motors Group v. Wilkerson, 674 F.Supp. 1108 (S.D.N.Y. 1987); Fisher v. Bangor Punta Corp., No. 85 Civ. 0497–CSH, 1987 WL 8650, at *1 (S.D.N.Y. Mar. 27, 1987).

The summons with notice received by defendants states plaintiffs' address and declares the amount in controversy. While defendants' address is not stated, this is not required because "defendants can be taken as knowing the state of which they are citizens." Universal Motors Group, 674 F.Supp. at 1113, n. 2 (citations omitted). Because this document provided defendant with notice that the action was removable, it constitutes an initial pleading under § 1146(b).

■ Finally, defendants argue that plaintiffs' motion should be denied because it was untimely. Section 1447 of 28 U.S.C. provides that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." Defendants claim that 31 days lapsed between the date the

notice of removal was filed, December 23, 1992, and the date the motion to remand was made, January 22, 1993.

Fed.R.Civ.P. 6 governs the computation of time here and provides that "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Therefore, the 30–day remand period began on December 24, 1992. Plaintiffs' motion was timely made within 30 days after defendants' notice of removal was filed.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is granted. This action is remanded to the Bronx County Supreme Court.

SO ORDERED.