**Estelle MERMELSTEIN, Plaintiff,**

v.

**James Theodore MAKI and N.W. Dairy Forwarding Co., Defendants.**

**No. 93 Civ. 0916 (SS).**

United States District Court, S.D. New York.

May 20, 1993.

in effect since 1974 established by the Administrative Office of the United States Courts is annexed hereto.

The Law Office of Joseph T. Mullen, Jr., New York City by Joseph T. Mullen, Jr., James P. McCall, for plaintiff.

LaBrum & Doak, New York City by Carl R. Fogelberg, John P. Cookson, for defendants.

## MEMORANDUM OPINION AND ORDER

SOTOMAYOR, District Judge.

Plaintiff moves pursuant to 28 U.S.C. § 1447(c) to remand this action to the Supreme Court of the State of New York, County of Bronx, due to a defect in the removal procedure. For the reasons stated below, the parties are ordered to proffer additional evidence addressing the open issues of who received the initial pleadings and

when they were received so that the Court may decide the motion at bar.

## I. *Background*

Plaintiff commenced the above-captioned action in the Supreme Court of the State of New York, County of Bronx, by service of a Summons and Complaint pursuant to the New York Vehicle and Traffic Law. On January 8, 1993, plaintiff's counsel executed affidavits of compliance in order to perfect service under N.Y. V.T.L. § 253. Attached to each affidavit is a photocopy of what appears to be a certified mail return receipt; however, no official Post Office stamp can be identified from either photocopy.

Counsel appended to the Affidavit of Compliance executed for service upon defendant James Theodore Maki an exhibit that he characterized as "a copy of the signed return receipt signed by defendant." The return receipt indicates that service was by certified mail and includes a handwritten delivery date of "1–14–93." The name "Donna Maki" appears in cursive writing above the line designated for the signature of addressee.

Similarly, counsel appended to the Affidavit of Compliance respecting service upon the other defendant, N.W. Dairy Forwarding Co., an exhibit that he characterized as "a copy of the signed return receipt signed by defendant." Once again, the return receipt indicates that service was by certified mail and includes a handwritten delivery date of "1–14–93." The name "Shantil Doro" appears in cursive writing in the space designated for the signature of addressee.

Defendants removed this action to federal court on February 16, 1993. Plaintiff subsequently filed this motion to remand, claiming that the dates on the return receipts prove that defendants received notice of the pendency of the action on January 14, 1993, more than thirty days before the removal

## II. *Discussion*

The notice of removal of a civil action must be filed within "thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Although there is some disagreement among district courts as to whether the period for removal is triggered by proper service or mere receipt of the pleadings by the defendant, other judges in this district have adopted the "receipt" rule. *See, e.g., Figueroa v. Kim,* 813 F.Supp. 267 (S.D.N.Y.1993) (Cedarbaum, J.); *Gates Construction Corp. v. Koschak,* 792 F.Supp. 334, 336 (S.D.N.Y.1992) (Mukasey, J.).

■■■ This reading follows from the plain language of the statute, which requires only that the defendant *receive* the initial pleadings, and that receipt may be "through service *or otherwise.*" 28 U.S.C. § 1446(b) (emphasis added). It also advances Congress's purpose of "establish[ing] a uniform federal system for removal of cases to federal court ... [and] is consistent with the well-established principle that the removal statute is to be construed narrowly and against removal." *Id.,* citing *Schwartz Brothers, Inc. v. Striped Horse Records,* 745 F.Supp. 338, 340 (D.Md. 1990). These considerations have led an increasing majority of courts to adopt the "receipt rule." *See Shoemaker v. GAF Corp.,* 814 F.Supp. 495 (W.D.Va.1993) (citing cases). In light of the prevailing interpretation in this district that receipt, rather than actual service, governs removal, defendants' reliance on *Estate of Baratt v. Phoenix Mutual Life Ins. Co.,* 787 F.Supp. 333 (W.D.N.Y. 1992) (adopting proper service rule) is misplaced [1].

---

1. Defendants' contention that "service was not proper until the Summons and Complaint reached an appropriate individual under CPLR § 311(1)," Fogelberg Affidavit ¶ 9, although not relevant to this motion, is erroneous because service was effected pursuant to the New York Vehicle and Traffic Law, not the CPLR. Service of a summons on non-residents in actions governed by the New York Vehicle and Traffic Law

may be effected "by mailing a copy thereof to the secretary of state ... in Albany ... and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by certified mail or registered mail with return receipt requested." N.Y.V.T.L. § 253(2). Unless acceptance of the mail is re-

Where, as here, there are multiple defendants, it is the receipt of the initial pleading by the first defendant who may remove the action that starts the removal clock ticking. *See Nannuzzi v. King*, 660 F.Supp. 1445 (S.D.N.Y.1987) (Sand, J.); *see also Johnson v. Baltimore City Police Dept.*, 757 F.Supp. 677 (D.Md.1991); *Pic–Mount Corp. v. Stoffel Seals Corp.*, 708 F.Supp. 1113 (D.Nev.1989); *Varney v. Johns–Manville Corp.*, 653 F.Supp. 839 (N.D.Cal.1987); *Ortiz v. General Motors Acceptance Corp.*, 583 F.Supp. 526 (N.D.Ill.1984). Since either of the two defendants could have removed the action, the motion to remand only requires a determination of when the first defendant received the pleadings. On the record before the Court, however, there is insufficient evidence to determine when either defendant received the pleadings. Although both return receipts are dated "1/14/93," the photocopied exhibits provided to the Court do not indicate whether or not they bear any official stamp.[2] Moreover, the Affidavits of Compliance to which these exhibits were attached were executed on January 8, 1993—six days earlier than the affiant could have received them! There is thus a question of fact for the Court as to when the return receipts were signed and dated.

If Ms. Doro did indeed sign the return receipt on January 14, then the Court could conclude on the basis of the record now before it that the corporate defendant "received" the initial pleadings on that date. Shawn W. Nelson, the President of defendant Northwest Dairy Forwarding Co., submitted an affidavit testifying that Ms. Doro is a receptionist "whose responsibilities included greeting visitors, answering the telephone and receiving mail and packages." Nelson Affidavit ¶ 3. Courts have held that "[i]f

delivery of the initial pleading is made in a manner which, objectively viewed, is calculated to give fair notice to the defendant, the receipt is sufficient to trigger the statutory removal period." *Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205, 208 (N.D.Ohio 1991). Thus, receipt occurs if the pleadings are accepted and signed for by a "responsible" employee "whose duty it was to pick up the mail," *see Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39, 41 (E.D.Pa.1982), or by receipt of a telecopy by a manager of a department out of which the litigation arose. *See Pillin's Place, Inc. v. Bank One, Akron, N.A.*, 771 F.Supp. 205, 208 (N.D.Ohio 1991). Since Ms. Doro's responsibilities include receiving the mail, her acceptance of the mailed pleadings could constitute receipt by the defendant for purposes of triggering the removal period. It is of no import that she is neither an officer, managing agent, cashier, or individual designated to accept service of process on behalf of the company, nor is it significant that she has no discretionary, supervisory, or management powers within the corporation. She is in charge of the mail.

This is a desirable result, for if receipt by a corporate defendant required that a corporate officer designated to accept service receive the pleadings, it would be difficult to determine from objective evidence when the thirty-day period was triggered, whereas reliance on the dated signature on the certified mail return sets a definite point from which to calculate that period. *Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39, 41 (E.D.Pa. 1982).

The ability of Donna Maki to bind defendant James Theodore Maki by receiving pleadings directed at him cannot be determined from the record, which does not even

---

fused, or it is returned to the post office, the plaintiff must then file with the clerk of the court "an affidavit of compliance herewith, a copy of the summons and complaint, and … a return receipt purporting to be signed by the defendant or a person qualified to receive his certified mail or registered mail, in accordance with the rules and customs of the post-office department." *Id.*

Defendants' argument that plaintiff could not rely on "the informal process of mailing," Fogelberg Affidavit ¶ 8, the pleadings is thus simply wrong; indeed, the quotation above illustrates

that the applicable statute mandates that the papers be mailed. Indeed, under V.T.L. § 253, "receipt by a defendant" is presumed when a signed return receipt is obtained by the post office. *Bingham v. Ryder Truck Rental, Inc.*, 110 A.D.2d 867, 488 N.Y.S.2d 424, 426 (2d Dept. 1985).

**2.** There having been no briefing on the subject, it is unclear what type of official stamp, if any, is customary, and what effect should be given to the absence of any stamp.

explain who Ms. Maki is. Quite clearly, these facts may be pertinent to the motion at bar. *Cf. Barber v. Willis,* 246 F.Supp. 814 (D.C.Ga.1965) (time for removal runs from receipt of pleadings by the actual defendant, not by his wife), with *Figueroa v. Kim,* 813 F.Supp. 267 (S.D.N.Y.1993) (one defendant accepted service on behalf of other).

 The factual issues identified above must be resolved before the motion at bar may be decided. These questions may be addressed at an evidentiary hearing before the district court, without a jury. *See generally* Wright, Miller & Cooper, 14A *Federal Practice and Procedure* 2d § 3739. A hearing is not required, however, if the facts may be established through affidavits and depositions addressed to the appropriate issues. *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990). Since the removing party has the burden of establishing federal jurisdiction, it is the removing party who bears the initial burden of convincing the Court that removal was proper. *See, e.g., Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989); *Nannuzzi v. King,* 660 F.Supp. 1445, 1447 (S.D.N.Y.1987).

### III. *Conclusions*

The motion to remand raises factual issues, including who received the pleadings and when they were received. These questions cannot be decided on the paltry record now before the Court. A hearing of less than ninety minutes duration has been scheduled for Monday, June 28, 1993, at 11:30 a.m. The parties are ordered to proffer evidentiary materials relating to the remand motion at this hearing, including the presentation of any necessary witnesses. In the alternative, no later than two weeks prior to the hearing the parties may submit affidavit or deposition material sufficient to resolve the open issues. Stipulations between the parties are invited as well.

Counsel are directed to read this Judge's Individual Rules of Practice, and to follow these Rules with respect to the June 28 hearing and all other matters in this action. In particular, counsel should note that direct testimony is to be submitted by affidavit, well in advance of the hearing date. Counsel are further reminded that there is a purpose behind Fed.R.Civ.P. 11—it is not merely precatory.

**SO ORDERED.**