896 F.Supp. 157 (1995)
Robert S. BLACK, etc., et ano., Plaintiffs,
v.
Ishmel MOODY, et al., Defendants.
No. 95 Civ. 5194 (LAK).
United States District Court, S.D. New York.
August 25, 1995.
Richard B. Sacks, Kelly, Hodukavich & Goldberg, Elmsford, NY, for Ishmel Moody, American Distribution Resources, Inc., Madco Leasing, Inc., and Madison Leasing Co.

MEMORANDUM OPINION
KAPLAN, District Judge.
This action is remanded to the Supreme Court of the State of New York, Bronx County, on the ground that this Court lacks *158 jurisdiction over the subject matter because the action was not timely removed.
The action was commenced in the State court on or about May 15, 1995. Service of process to the four defendants allegedly was initiated by delivery of the summons and complaint to the Secretary of State pursuant to the New York Vehicle and Traffic Law. The amended notice of removal indicates that the Secretary of State mailed copies thereof to defendants Moody, American Distribution Resources, Inc. ("ADR") and Madco Leasing, Inc. ("Madco") and that those papers were received by Moody and ADR on June 1, 1995 and June 2, 1995, respectively. It does not indicate when Madco received them. Service was completed for purposes of the New York Vehicle and Traffic Law on June 12, 1995, when affidavits of service for Moody, ADR and Madco were filed. There is no indication that defendant Madison Leasing Company has been served at all. The removal petition in this action was filed on July 13, 1995.
Section 1446(b) of the Judicial Code, 28 U.S.C. § 1446(b), provides that the notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ... or within thirty days after the service of the summons on the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."
Inasmuch as the amended notice of removal establishes receipt of the summons and complaint by Moody and ADR more than thirty days prior to the removal petition, the petition was untimely. Defendants' reliance upon the date upon which service on the Secretary of State became complete, as a matter of State law, is misplaced. The controlling date is that on which the first defendant who could have removed the action received the initial pleading. Mermelstein v. Maki, 830 F.Supp. 180, 183 (S.D.N.Y.1993) ("receipt of the initial pleading by the first defendant who may remove the action ... starts the removal clock ticking"); see Roe v. O'Donohue, 38 F.3d 298 (7th Cir.1994); Cohen v. Reed, 868 F.Supp. 489 (E.D.N.Y.1994); Teitelbaum v. Soloski, 843 F.Supp. 614 (C.D.Cal.1994); Figueroa v. Kim, 813 F.Supp. 267 (S.D.N.Y.1993); Gates Construction Corp. v. Koschak, 792 F.Supp. 334 (S.D.N.Y.1992) (time limit to file notice of removal begins running upon receipt of pleading); but see Alling v. C.D. Cairns Irrevocable Trust Partnership, 889 F.Supp. 768 (D.Ct.1995); Baratt v. Phoenix Mutual Life Insurance Co., 787 F.Supp. 333 (W.D.N.Y. 1992) (time limit to file notice of removal begins running upon completion of service).
SO ORDERED.