Ronald J. BOTELHO, Plaintiff,

v.

THE PRESBYTERIAN HOSPITAL IN THE CITY OF NEW YORK, Columbia University Department of Surgery, Presbyterian Health Resources, Inc., Defendants.

No. 96 Civ. 7382 (JGK).

United States District Court, S.D. New York.

April 16, 1997.

---

Eric M. Davis, Law Offices of Eric M. Davis, P.C., New York City, for plaintiff.

Jennifer B. Courtian, Esq., Jackson, Lewis, Schintzler & Krupman, New York City, for The Presbyterian Hospital in the City of New York and Presbyterian Health Resources, Inc.

Laura D. Barbieri, Esq., Schoeman, Marsh & Updike, LLP, New York City, for Columbia University.

## OPINION AND ORDER

KOELTL, District Judge:

The plaintiff moves pursuant to 28 U.S.C. § 1447(c) to remand this action to the New York State Supreme Court, New York County. The plaintiff argues that the removal notice was filed after the 30–day filing period required by 28 U.S.C. § 1446(b) had elapsed. The defendant argues that removal was timely.

## I.

The plaintiff filed this action on August 20, 1996 in the New York State Supreme Court, New York County, against the defendants The Presbyterian Hospital in the City of New York ("Presbyterian Hospital"), Columbia University Department of Surgery ("Columbia"), and Presbyterian Health Resources, Inc. ("PHRI"). The plaintiff claims that the defendants were served with process on August 27, 1996. The defendants claim that the Summons and Complaint were received by the Risk Management Office of the Presbyterian Hospital on August 28, 1996.

The plaintiff's process server, Miguel Carrasquillo, swears that at about noon on August 27, 1996 he delivered to the mailroom of the Presbyterian Hospital copies of the Summons and Complaint addressed to the Presbyterian Hospital, Columbia, and PHRI. (Carrasquillo Aff., ¶¶ 2, 5.) Mr. Carrasquillo claims that, upon his arrival at the mailroom, he was greeted by Willie Berry, that he explained to Mr. Berry that he was delivering legal documents for the Presbyterian Hospital, Columbia, and PHRI, and that Mr. Berry told him all incoming documents for the three defendants, including legal docu-

ments, were to be received by the mailroom. (Carrasquillo Aff., ¶¶ 4–6.)

Mr. Berry is employed by the Presbyterian Hospital as a clerk in the mailroom. (Berry Aff., ¶ 1.) Mr. Berry swears he is not authorized to accept service of process on behalf of the defendants, (Berry Aff., ¶ 5), and that he did not inform Mr. Carrasquillo or anyone else that he was authorized to accept such service of process, (Berry Aff., ¶ 7). Mr. Berry claims he does not recall Mr. Carrasquillo or anyone else delivering to him a package on August 27, 1996 that was addressed to the Risk Management Office, and does not recall routing a package to the Risk Management Office on August 27, 1996. (Berry Aff., ¶ 8.) The Risk Management Office received the package from the mailroom and stamped the Summons "Received" on August 28, 1996 at 10:23 A.M. (O'Neill Aff., Exh. 1.)

On September 16, 1996, counsel for the Presbyterian Hospital and PHRI telephoned counsel for the plaintiff to request an extension of time for the defendants to respond to the plaintiff's complaint. (Courtian Aff., ¶ 3.) The plaintiff's counsel agreed to such an extension provided that the defendants stipulate that they would not assert any affirmative defenses based on improper service of process. (Courtian Aff., ¶ 5.) The defendants' counsel agreed to these terms, (Courtian Aff., ¶ 6), and a stipulation ("Stipulation") was entered into between the plaintiff and all the defendants extending the time for the defendants to respond to the plaintiff's complaint "from September 17, 1996 to and including October 1, 1996," (Courtian Aff., Exh. A).

The defendants filed their Notice of Removal with this court on September 27, 1996. (Davis Aff., Exh. G.)

## II.

A notice of removal must be filed "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief. . . ." 28 U.S.C. § 1446(b). The plaintiff argues that the notice of removal was untimely because this thirty-day period began to run on August 27, 1996, when Mr. Carrasquillo allegedly delivered the Summons and Complaint to the Presbyterian Hospital mailroom. The defendants argue that the period began to run on August 28, 1996, when the Risk Management Office received the documents and therefore the notice of removal was timely.

█ When applying Section 1446(b), "[t]he Court is to construe the thirty-day period narrowly, 'resolving any doubts against removability.'" *Gen. Ins. Co. of Amfrica v. Tilcon New York, Inc.*, No. 96 Civ. 1258, 1996 WL 389265, at *1 (S.D.N.Y. July 11, 1996) (quoting *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir.1991)).

Although there is some disagreement among district courts as to whether the thirty-day period runs from proper service or actual receipt, *see Weimer v. City of Johnstown*, 931 F.Supp. 985, 989–90 (N.D.N.Y. 1996) (describing split among district courts), this district has generally followed the "receipt" rule, *see, e.g., Mermelstein v. Maki*, 830 F.Supp. 180 (S.D.N.Y.1993); *Figueroa v. Kim*, 813 F.Supp. 267 (S.D.N.Y.1993); *see also Roe v. O'Donohue*, 38 F.3d 298, 302–03 (7th Cir.1994) (following receipt rule and stating that "delivery of the complaint by a process server that is not effective as 'service of process'" constitutes "receipt"). This approach is consistent with the plain language of the statute, which provides for receipt, "through service or otherwise."

█ Mr. Carrasquillo's affidavit is not controverted by Mr. Berry's claim that he does not recall Mr. Carrasquillo's delivering the documents in question. Mr. Carrasquillo swears unequivocally that the documents were delivered to the mailroom on August 27, and that allegation is not denied by Mr. Berry's failure of recollection. It is apparent that the documents were delivered to the mailroom on August 27 and forwarded to the Risk Management Office, which received them on the morning of August 28. The question is whether the thirty-day statutory period is triggered upon receipt of the Summons and Complaint by the mailroom or by the Risk Management Office.

This court addressed very similar facts in *Mermelstein* and concluded that, because the receptionist in that case was responsible for receiving the mail,

> her acceptance of the mailed pleadings could constitute receipt by the defendant for purposes of triggering the removal period. It is of no import that she is neither an officer, managing agent, cashier, or *individual designated to accept service of process on behalf of the company,* nor is it significant that she has no discretionary, supervisory, or management powers within the corporation. She is *in charge of the mail.*

*Id.,* 830 F.Supp. at 183 (emphasis supplied). It is clear that Mr. Berry's "responsibilities include receiving the mail," and that his receipt of the summons and complaint was therefore sufficient to trigger the thirty-day period for his employer, the Presbyterian Hospital. As a result, the Presbyterian Hospital's removal notice was untimely.

▇▇ In addition, when multiple defendants seek removal, courts in this district have generally applied the so-called "first-served" rule: "The controlling date [for purposes of Section 1446(b) ] is that on which the first defendant who could have removed the action received the initial pleading." *Black v. Moody,* 896 F.Supp. 157, 158 (S.D.N.Y. 1995); *see also Mermelstein,* 830 F.Supp. at 183.[1] Thus, although Columbia and PHRI did not employ Mr. Berry and therefore may not have received notice of the action until August 28, they are subject to the thirty-day period triggered by Presbyterian Hospital's receipt of the Summons and Complaint on August 27.

▇▇ The defendants also argue that because the Stipulation states that the initial due date for the defendants' response to the Complaint was September 17, 1996, the plaintiff should be deemed to have consented to August 28, 1996 (20 days earlier) as the date service was completed. However, this argument is completely irrelevant. Even if

---

1. Given the close relationship among the defendants, and the absence of any manipulative timing of service by the plaintiff, there are no countervailing equitable considerations that might militate in favor of a "last-served" rule. See

the Stipulation did concede that service was completed on August 28, that date would not control the thirty-day removal period, which, as explained above, is triggered by actual receipt, whether through service or otherwise. The Stipulation does not concede a date of actual receipt and does not waive the plaintiff's right to resist removal.

### III.

Accordingly, the plaintiff's motion to remand is GRANTED. It is therefore ORDERED that this case be remanded to the New York State Supreme Court, New York County.

SO ORDERED.

*Weimer,* 931 F.Supp. at 992–93 (stating that "the last-served rule is an equitable doctrine" and following first-served rule in absence of any "equities that make the last-served rule desirable").