■ SARA A. SQUIRE et al., Respondents, v RALPH GREENBERG et al., Appellants.—Order, Supreme Court, New York County (Louis Kaplan, J.H.O.), entered March 29, 1990, which after a hearing sustained service on defendants and denied the traverse, unanimously affirmed, with costs.

Plaintiffs commenced this action, for personal injuries allegedly sustained as a result of an automobile accident in Manhattan, by delivery of a copy of the summons and complaint to the Secretary of State, and mailing copies to defendants by certified mail, at the Connecticut address listed on defendants' vehicle registration and insurance forms. The certified mail was returned marked "RETURN TO SENDER, MOVED, AUTHORIZED FORWARDING TIME EXPIRED" and "Addressee unknown". A copy of the summons and complaint with proof of service on the Secretary of State was thereafter sent to defendants' insurance carrier. Issue was joined by an answer containing, *inter alia,* an affirmative defense of lack of jurisdiction. Plaintiffs moved to strike the jurisdictional defense, and defendants cross-moved to dismiss for failure to obtain jurisdiction. By order of the Supreme Court, New York County (Greenfield, J.), entered September 26, 1989, the court found service incomplete pursuant to Vehicle and Traffic Law § 253, but ruled that if the address given by defendants was erroneous, they would be estopped from claiming lack of jurisdiction. The court referred the matter to a Special Referee. After a hearing, the Referee sustained service and denied the traverse, finding the defendants were estopped from raising the jurisdictional defense by giving the incorrect address. We agree.

Persons involved in a motor vehicle accident are required to divulge their name and residence address, including street and number (Vehicle and Traffic Law § 600 [1] [a]), so as to allow for commencement of a civil action to recover for injuries arising out of the accident *(Greenwood v White,* 25 AD2d 73). Willful misrepresentation of an address estops the defendants from claiming defective service under Vehicle and Traffic Law § 253 *(Stewart v McIntyre,* 57 AD2d 831). Defendants also violated Vehicle and Traffic Law § 401 (3) and § 505 (5) by failing to notify the Commissioner of Motor Vehicles of their

change in address *(see, e.g., Treutlein v Gutierrez,* 129 AD2d 791). Concur—Milonas, J. P., Ross, Asch, Kassal and Smith, JJ.