■ IVETTE RODRIGUEZ, Appellant, v LUIS MORALES, Respondent, et al., Defendants. [607 NYS2d 1] —Order, Supreme Court, Bronx County (Hansel L. McGee, J.), entered January 13, 1993, granting the motion of defendant Luis Morales for summary judgment dismissing the complaint and all cross-claims against him for lack of personal jurisdiction and denying plaintiff's cross-motion to permit service of the summons and complaint on defendant Morales' insurer and tolling of the Statute of Limitations for the period defendant was without the State, unanimously reversed, on the law and the facts, defendant's motion denied and plaintiff's cross-motion granted to the extent of dismissing defendant's Statute of Limitations defense, without costs.

At the time of the automobile accident on April 2, 1989, plaintiff was a passenger in a car owned and operated by defendant Luis Morales who gave as his address a post office box number in the Bronx and a street address of 45 West Street in Lawrence, Massachusetts. According to defendant's affidavit in support of his present summary judgment motion, at the time of the accident he maintained two residences, one in the Bronx, apparently at 1980 Union Port Road, and another at 49 West Street in Lawrence, Massachusetts, where he resided from time to time. However, by August 1989, three months after the accident, Mr. Morales no longer maintained any type of residence in Massachusetts.

The summons and complaint were served personally on the Secretary of State on February 14, 1990 and by certified mail on Mr. Morales' insurer on October 2, 1990. The insurer answered on behalf of Mr. Morales on October 22, 1990 raising among others the defense of lack of personal jurisdiction. However, by letter dated the next day, *it offered* the total policy amount of $10,000 in settlement of plaintiff's claim, which offer was accepted by plaintiff's attorney who informed the insurer that nevertheless he could not release Mr. Morales at that point in order to protect his action against the other defendant. Such offer was never withdrawn. At his deposition on May 22, 1991, Mr. Morales stated that he presently lived at 1980 Union Port Road and that at the time of the accident his address was 49 West Street in Lawrence, Massachusetts. One year later and more than a month after the Statute of Limitations had run, Mr. Morales moved for summary judgment dismissing the complaint for lack of personal jurisdiction.

Inasmuch as plaintiff failed to fully comply with Vehicle and Traffic Law § 253 by failing to mail to defendant (at any address) a copy of the summons and complaint with notice of service upon the Secretary of State, defendant's failure to provide an accurate street address where service could be effected cannot by itself be said to estop him from asserting the defense of the Statute of Limitations *(cf., Squire v Greenberg,* 173 AD2d 362). However, by the time plaintiff obtained an accurate address in May 1991, defendant's insurer had already offered the full value of its policy in settlement, which offer had been accepted but not reduced to a formal settlement in light of the plaintiff's pending claim against the driver of the other car involved in the intersection collision. Thus, despite the failure of counsel for plaintiff to avail himself of the opportunity to personally serve defendant at his deposition or thereafter at the Union Port Road address, plaintiff cannot be said to have sat on her rights to her detriment, where she reasonably considered the settlement a "done deal". Moreover, the estoppel to plead the Statute of Limitations may arise without the existence of fraud or an intent to deceive and the courts will apply the doctrine of equitable estoppel to prevent an inequitable use of such defense *(Robinson v City of New York,* 24 AD2d 260, 263). Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.